

# NUMBER 13-10-00513-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARCOS ANTONIO HERNANDEZ-PRADO,                    APPELLANT,

v.

THE STATE OF TEXAS,                    APPELLEE.

On Appeal from the 197th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, Marcos Antonio Hernandez-Prado, attempted to perfect an appeal from a conviction for aggravated assault.   We dismiss the appeal for want of jurisdiction.

On April 30, 2001, appellant was placed on deferred adjudication supervision after he pleaded guilty to aggravated assault.   Thereafter, the State filed a motion to set aside deferred adjudication alleging that appellant had violated conditions of supervision.

Appellant entered a plea of guilty and a sentence of five years in the Texas Department of Criminal Justice, institutional Division was imposed on April 9, 2003.

On August 16, 2010, appellant filed a pro se "Motion to Withdraw Coerced Guilty Plea and Conviction Based on Newly Discovered Evidence Found on August 9, 2010." By this motion, the appellant sought to withdraw his guilty plea and expunge his record based on newly discovered evidence that he had been confused with another individual with the same nickname. The trial court denied the appellant's motion on September 3, 2010.

On September 21, 2010, appellant filed a pro se notice of appeal stating that he was appealing the order of September 3, 2010. On November 17, 2010, the Clerk of this Court notified appellant that the order from which he was appealing was not a final, appealable judgment. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's directive.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals

from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2).

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The order denying appellant's motion to withdraw his guilty plea is not a final, appealable judgment. Appellant's notice of appeal, filed more than seven years after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

3

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.    *See* TEX. R. APP. P. 47.2(b).

Delivered and filed
the 31st day of March, 2011.

4