NUMBER 13-10-00513-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

MARCOS ANTONIO
HERNANDEZ-PRADO,                        APPELLANT,

 

                                                             v.

 

THE STATE OF TEXAS,                                                             APPELLEE.


____________________________________________________________

 

                             On
Appeal from the 197th District Court 

                                       of
Cameron County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                          Before Justices
Garza, Vela, and Perkes

Memorandum Opinion
Per Curiam

 

Appellant,
Marcos Antonio Hernandez-Prado, attempted to perfect an appeal from a
conviction for aggravated assault.  We dismiss the appeal for want of
jurisdiction.








On
April 30, 2001, appellant was placed on deferred adjudication supervision after
he pleaded guilty to aggravated assault.  Thereafter, the State filed a motion
to set aside deferred adjudication alleging that appellant had violated
conditions of supervision.  Appellant entered a plea of guilty and a sentence of
five years in the Texas Department of Criminal Justice, institutional Division
was imposed on April 9, 2003.  

On
August 16, 2010, appellant filed a pro se “Motion to Withdraw Coerced Guilty
Plea and Conviction Based on Newly Discovered Evidence Found on August 9,
2010.”  By this motion, the appellant sought to withdraw his guilty plea and
expunge his record based on newly discovered evidence that he had been confused
with another individual with the same nickname.  The trial court denied the
appellant’s motion on September 3, 2010.

On
September 21, 2010, appellant filed a pro se notice of appeal stating that he
was appealing the order of September 3, 2010.  On November 17, 2010, the Clerk
of this Court notified appellant that the order from which he was appealing was
not a final, appealable judgment.  Appellant was advised that the appeal would
be dismissed if the defect was not corrected within ten days from the date of
receipt of the Court’s directive.  Appellant has not filed a response to the
Court’s directive.  

Generally,
a state appellate court only has jurisdiction to consider an appeal by a
criminal defendant where there has been a final judgment of conviction.  Workman
v. State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); McKown v.
State, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.).  Exceptions
to the general rule include: (1) certain appeals while on deferred adjudication
community supervision, Kirk v. State, 942 S.W.2d 624, 625 (Tex. Crim.
App. 1997); (2) appeals from the denial of a motion to reduce bond, Tex. R. App. P. 31.1; McKown,
915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus
relief, Wright v. State, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no
pet.); McKown, 915 S.W.2d at 161.

Texas
Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed
or suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, notice of appeal shall be filed
within ninety days after the sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  








This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  Absent a timely filed notice of appeal, a court of appeals does not
obtain jurisdiction to address the merits of the appeal in a criminal case and
can take no action other than to dismiss the appeal for want of jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  

The
order denying appellant’s motion to withdraw his guilty plea is not a final,
appealable judgment.  Appellant’s notice of appeal, filed more than seven years
after sentence was imposed, was untimely, and accordingly, we lack jurisdiction
over the appeal.  See Slaton, 981 S.W.2d at 210.  

Appellant
may be entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia,
988 S.W.2d 240 (Tex. Crim. App. 1999).

The
appeal is DISMISSED FOR WANT OF JURISDICTION.             

                                                                                                                                                                                                                                                                        PER
CURIAM

 

Do not publish.  See Tex. R. App. P. 47.2(b).

 

Delivered and filed 

the 31st day of March, 2011.