NUMBER
13-11-00386-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

MIGUEL HINOJOSA,                                                              APPELLANT,

 

                                                             v.

 

THE STATE OF TEXAS,                                                            APPELLEE.


____________________________________________________________

 

                           On
appeal from the 357th District Court 

                                      of
Cameron County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

             Before Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum Opinion
Per Curiam

 

Appellant,
Miguel Hinojosa, attempted to perfect an appeal from a conviction for illegal
investment/enhancement.  We dismiss the appeal for want of jurisdiction.








Sentence
in this matter was imposed on January 9, 1995.  A motion for new trial was
filed on May 5, 2011, and was denied by the trial court on May 23, 2011.  On
June 3, 2011, appellant filed a notice of appeal from the denial of the motion
for new trial.  On July 20, 2010, the Clerk of this Court notified appellant
that it did not appear that the order from which the appeal is taken is an
appealable order.  Appellant was advised that the appeal would be dismissed if
the defect was not corrected within ten days from the date of receipt of the
Court=s directive.  Appellant has not filed
a response to the Court=s notice.  

Generally,
a state appellate court only has jurisdiction to consider an appeal by a
criminal defendant where there has been a final judgment of conviction.  Workman
v. State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); McKown v.
State, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.).  Exceptions
to the general rule include: (1) certain appeals while on deferred adjudication
community supervision, Kirk v. State, 942 S.W.2d 624, 625 (Tex. Crim.
App. 1997); (2) appeals from the denial of a motion to reduce bond, Tex. R. App. P. 31.1; McKown,
915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus
relief, Wright v. State, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no
pet.); McKown, 915 S.W.2d at 161.

Texas
Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed
or suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, notice of appeal shall be filed
within ninety days after the sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  








This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  Absent a timely filed notice of appeal, a court of appeals does not
obtain jurisdiction to address the merits of the appeal in a criminal case and
can take no action other than to dismiss the appeal for want of jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  

Appellant=s notice of appeal, filed more than sixteen years after
sentence was imposed, was untimely, and accordingly, we lack jurisdiction over
the appeal.  See Slaton, 981 S.W.2d at 210.  

Appellant
may be entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, ' 3(a) (Vernon 2005); see also Ex
parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The
appeal is DISMISSED FOR WANT OF JURISDICTION.  Any pending motions are
dismissed as moot.

                                                                                                            PER
CURIAM

Do not publish.  See Tex. R. App. P. 47.2(b).

 

Delivered and filed the

26th day of August, 2011.