**Marvin Leroy KIRK, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 1553–96, 1554–96.

Court of Criminal Appeals of Texas, En Banc.

Jan. 29, 1997.

Opinion Ordered Published March 17, 1997.

---

Kerry P. Fitzgerald, Dallas, for appellant.

John Vance, District Attorney, Dallas, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

The trial court accepted Appellant's pleas of nolo contendere to two offenses of delivery of cocaine, found sufficient evidence to support the pleas, deferred a finding of guilt, and placed Appellant on ten years' deferred adjudication probation. The Court of Appeals dismissed the appeal. *Kirk v. State*, Nos. 05–92–01806–CR & 05–92–01807–CR (Tex.App.—Dallas, delivered September 5, 1996).

On appeal, Appellant raised three points of error. The Court of Appeals held it was without jurisdiction to hear the appeals because Appellant did not appeal a ruling on a pretrial motion or have the trial court's permission to appeal. The Court of Appeals cited our opinion in *Dillehey v. State*, 815 S.W.2d 623 (Tex.Cr.App.1991), for the proposition that Article 44.01(j), V.A.C.C.P. grants unadjudicated defendants a limited right to appeal only rulings on pretrial motions. *Dillehey*, however, did not hold that unadjudicated defendants were limited in what they could appeal, only that they could appeal under Article 44.02, V.A.C.C.P. Dillehey entered into a negotiated plea of guilty; therefore, under the proviso to Art. 44.02, he was limited to appealing with the trial court's permission or to rulings on pretrial motions.[1] However, since Appellant entered his pleas without a plea bargain, the Rule 40(b)(1) restrictions on appeals of negotiated pleas do

not apply. The Court of Appeals has jurisdiction to entertain Appellant's appeal.

Accordingly, we grant Appellant's petition, vacate the Court of Appeals' order dismissing Appellant's appeal, and remand the cause to that court to consider Appellant's appeal.

---

1. The proviso was repealed with the enactment of the Rules of Appellate Procedure. The procedures for a defendant appealing from a negotiated plea of guilty are now governed by Tex.R.App. Pro. 40(b)(1).