Dismissed and Memorandum Opinion filed September 25, 2003









Dismissed and Memorandum Opinion filed September 25,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00938-CR

____________

 

CHARLES LEE GRABLE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 764,539

 



 

M
E M O R A N D U M   O P I N I O N








Appellant=s appeal from his conviction was dismissed on May 16, 2003,
in cause number 14-02-335-CR, because the notice of appeal was not timely
filed.  Appellant has now filed an appeal
in the same trial court cause number, but challenging the trial court=s refusal to rule on appellant=s APetition for Nunc
Pro Tunc Judgment.@ 
On September 4, 2003, this court advised appellant that we have
jurisdiction only over appeals from final judgments of conviction.  Accordingly, we advised appellant that his
appeal would be dismissed unless any party filed a response on or before
September 14, 2003.  On September 16,
2003, appellant filed a motion to hold the appeal in abeyance or to take
jurisdiction by operation of law. 
Appellant=s response does not demonstrate that we have jurisdiction.

Generally, an appellate court only has jurisdiction to
consider an appeal by a criminal defendant where there has been a final
judgment of conviction.  Workman v.
State, 170 Tex.Crim.
621, 343 S.W.2d 446, 447 (1961);  McKown
v. State, 915 S.W.2d 160, 161 (Tex.App.‑‑Fort
Worth 1996, no pet.).  The exceptions
include:  (1) certain appeals while on
deferred adjudication community supervision, Kirk v. State, 942 S.W.2d
624, 625 (Tex.Crim.App.1997); (2) appeals from the denial of a motion to reduce
bond, TEX.R.APP. P. 31.1; McKown, 915 S.W.2d
at 161;  and (3) certain appeals from the
denial of habeas corpus relief, Wright v. State, 969 S.W.2d 588, 589 (Tex.App.‑‑Dallas 1998, no pet.);  McKown, 915
S.W.2d at 161.

Because appellant=s appeal does not fall within the
exceptions to the general rule that appeal may be taken only from a final
judgment of conviction, we have no jurisdiction. 

            Accordingly,
the appeal is ordered dismissed.

 

PER CURIAM

Judgment rendered and Opinion
filed September 25, 2003.

Panel consists of Justices Yates,
Hudson, and Fowler.

Do Not Publish C Tex. R.
App. P. 47.2(b).