Dismissed and Memorandum Opinion filed January 29, 2004









Dismissed and Memorandum Opinion filed January 29,
2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-03-01264-CR;

          14-03-01369-CR;

         14-03-01370-CR

____________

 

CHARLES LEE GRABLE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
232nd District Court

Harris County, Texas

Trial Court Cause No. 764,539

 



 

M E M O R A N D U M  
O P I N I O N








Appellant=s appeal from his conviction was dismissed on May 16, 2003,
in cause number 14-02-335-CR, because the notice of appeal was not timely
filed.  On September 25, 2003, this Court
dismissed an appeal from the trial court=s refusal to rule on appellant=s APetition for Nunc
Pro Tunc Judgment,@ holding that the appeal did not fall
within the exceptions to the general rule that appeal may be taken only from a
final judgment of conviction.  Appellant
has now filed three more appeals from the same trial court cause,  two of which
challenge the trial court=s refusal to rule on appellant=s APetition for Nunc
Pro Tunc Judgment,@ and one that challenges the trial
court=s denial of appellant=s motion to recuse.  On December 31, 2003, this court advised
appellant of our intent to dismiss these appeals for lack of jurisdiction.  On January 9, 2004, appellant filed a
response.  Appellant=s response does not demonstrate that
we have jurisdiction.

Generally, an appellate court only has jurisdiction to
consider an appeal by a criminal defendant where there has been a final judgment
of conviction.  Workman v. State, 170 Tex.Crim. 621, 343 S.W.2d 446,
447 (1961);  McKown v. State, 915 S.W.2d 160, 161 (Tex.App.‑‑Fort Worth 1996, no pet.).  The exceptions include:  (1) certain appeals while on deferred
adjudication community supervision, Kirk v. State, 942 S.W.2d 624, 625
(Tex.Crim.App.1997); (2) appeals from the denial of a motion to reduce bond,
TEX.R.APP. P. 31.1; McKown, 915 S.W.2d at
161;  and (3) certain appeals from the
denial of habeas corpus relief, Wright v. State, 969 S.W.2d 588, 589 (Tex.App.‑‑Dallas 1998, no pet.);  McKown, 915
S.W.2d at 161.

Because appellant=s appeals do not fall within the
exceptions to the general rule that appeal may be taken only from a final
judgment of conviction, we have no jurisdiction. 

            Accordingly,
the appeals are ordered dismissed.

 

PER CURIAM

Judgment rendered and Opinion
filed January 29, 2004.

Panel consists of Justices Yates,
Hudson, and Fowler.

Do Not Publish C Tex. R.
App. P. 47.2(b).