Dismissed and Memorandum Opinion filed August 5, 2004









Dismissed and Memorandum Opinion filed August 5, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00575-CR

____________

 

ROBERT BLAKELY MCLENDON,
Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
262nd District Court

Harris County, Texas

Trial Court Cause No. 709,987

 



 

M E M O R A N D U M   O P I N I O N

After pleading guilty to the charge of misdemeanor theft,
appellant received two years of deferred adjudication probation and was ordered
to pay a $200 fine and perform 80 hours of community service.   Appellant successfully completed his
probation and the cause was dismissed on April 15, 1998.  On April 2, 2004, appellant filed a petition
for nondisclosure of criminal history record information.  The trial court denied this motion on April
22, 2004. No timely motion for new trial was filed.  Appellant=s notice of appeal was not filed
until June 4, 2004.








Generally, an appellate court only has jurisdiction to
consider an appeal by a criminal defendant where there has been a final
judgment of conviction.  Workman v.
State, 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (1961);  McKown v. State, 915 S.W.2d 160, 161
(Tex.App.‑‑Fort Worth 1996, no pet.).  The exceptions include:  (1) certain appeals while the defendant is on
deferred adjudication community supervision, Kirk v. State, 942 S.W.2d
624, 625 (Tex.Crim.App.1997); (2) appeals from the denial of a motion to reduce
bond, Tex. R. App. P. 31.1; McKown,
915 S.W.2d at 161;  and (3) certain
appeals from the denial of habeas corpus relief, Wright v. State, 969
S.W.2d 588, 589 (Tex.App.‑‑Dallas 1998, no pet.);  McKown, 915 S.W.2d at 161.  Because appellant=s appeal does not fall within the
exceptions to the general rule that appeal may be taken only from a final
judgment of conviction, we have no jurisdiction.  

Even if this denial of the petition for nondisclosure were
appealable, appellant=s notice of appeal was not timely filed.  A defendant=s notice of appeal must be filed
within thirty days after the sentence or appealable order is imposed when the
defendant has not filed a motion for new trial. 
See Tex. R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the
appeal.  Under those circumstances it can
take no action other than to dismiss the appeal.  Id.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

Judgment rendered and Memorandum
Opinion filed August 5, 2004.

Panel consists of Justices
Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).