Dismissed and Memorandum Opinion filed August 5, 2004









Dismissed and Memorandum Opinion filed August 5, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

      NO. 14-04-00530-CR



 

____________

 

CHARLES LEE GRABLE,
Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
232nd District Court

Harris County, Texas

Trial Court Cause No. 764,539

 



 

M E M O R A N D U M   O P I N I O N








Appellant=s appeal from his conviction was dismissed on May 16, 2003,
in cause number 14-02-335-CR, because the notice of appeal was not timely
filed.  On May 12, 2004, appellant filed
a AWrit of Mandamus to Compel,@ claiming the state and appellant=s trial counsel failed to perform
their Aministerial duty of disclosing to the
trial court on the record the terms and conditions under which petitioner
entered his plea.@  The trial court
denied this petition on June 24, 2004. 
Appellant is appealing the denial of the writ.[1]

Generally, an appellate court only has jurisdiction to
consider an appeal by a criminal defendant where there has been a final
judgment of conviction.  Workman v.
State, 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (1961);  McKown v. State, 915 S.W.2d 160, 161
(Tex.App.‑‑Fort Worth 1996, no pet.).  The exceptions include:  (1) certain appeals while the defendant is on
deferred adjudication community supervision, Kirk v. State, 942 S.W.2d
624, 625 (Tex.Crim.App.1997); (2) appeals from the denial of a motion to reduce
bond, Tex. R. App. P. 31.1; McKown,
915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus
relief, Wright v. State, 969 S.W.2d 588, 589 (Tex.App.‑‑Dallas
1998, no pet.);  McKown, 915
S.W.2d at 161.   Because appellant=s appeal does not fall within the
exceptions to the general rule that appeal may be taken only from a final
judgment of conviction, we have no jurisdiction. 

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Judgment rendered and Memorandum
Opinion filed August 5, 2004.

Panel consists of Justices
Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Appellant has
filed numerous post-conviction motions and appeals in this trial court
cause.  We have dismissed each of these
appeals for lack of jurisdiction.  On
September 25, 2003, this Court dismissed an appeal from the trial court=s refusal to rule on appellant=s APetition for Nunc Pro Tunc Judgment,@ holding that the appeal did not fall within the
exceptions to the general rule that appeal may be taken only from a final
judgment of conviction.  Appellant filed
three more appeals from the same trial court cause,  two of which challenged the trial court=s refusal to rule on appellant=s APetition for Nunc Pro Tunc Judgment,@ and one that challenged the trial court=s denial of appellant=s motion
to recuse.  These appeals were dismissed
for want of jurisdiction on January 29, 2004. 
Appellant subsequently filed two more appeals from the same trial court
cause, one from the denial of a motion to recuse and one from the denial of a
petition for a court of inquiry, which were dismissed by opinion dated May 20,
2004.  On July 29, 2004, we dismissed for
lack of jurisdiction an appeal from the trial court=s denial of a request for nunc pro tunc judgment.