Dismissed and Memorandum Opinion filed January 20, 2005









Dismissed and Memorandum Opinion filed January 20,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01242-CR



 

____________

 

VICTOR CHARLES ROGERS,
Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
228th District Court

 Harris County, Texas

Trial Court Cause No.
590,057

 



 

M E M O R A N D U M   O P I N I O N

Appellant filed this pro se appeal from his attempt to obtain
post-conviction DNA testing.[1]  The record reflects that the trial court has
neither granted nor denied such testing. 
Instead, while this appeal was abated, the trial court appointed new
counsel to represent appellant and to file a motion for post-conviction DNA
testing on his behalf. 








Generally, an appellate court only has jurisdiction to
consider an appeal by a criminal defendant where there has been a final
judgment.  Workman v. State, 170
Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); 
McKown v. State, 915 S.W.2d 160, 161 (Tex. App.‑‑Fort
Worth 1996, no pet.).  The exceptions
include:  (1) certain appeals while on
deferred adjudication community supervision, Kirk v. State, 942 S.W.2d
624, 625 (Tex. Crim.App.1997); (2) appeals from the denial of a motion to
reduce bond, Tex. R. App. P. 31.1;
McKown, 915 S.W.2d at 161;  and
(3) certain appeals from the denial of habeas corpus relief, Wright v. State,
969 S.W.2d 588, 589 (Tex. App.‑‑Dallas 1998, no pet.);  McKown, 915 S.W.2d at 161.

Because this appeal does not fall within the exceptions to the
general rule that appeal may be taken only from a final judgment, we have no
jurisdiction.

            Accordingly,
the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed January 20, 2005.

Panel consists of Justices Yates,
Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  We abated this
appeal because appellant=s first counsel failed to file a brief and because
there were inadequacies in the record.