Dismissed and Memorandum Opinion filed February 10, 2005









Dismissed and Memorandum Opinion filed February 10,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00034-CR



 

____________

 

RICKIE LYNN
GRAVES, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
268th District Court

Fort Bend County, Texas

Trial Court Cause No.
29,378A

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order denying appellant=s out-of-time motion for new trial
signed December 7, 2004.  Appellant was
convicted of the offense of possession of a controlled substance in a
correctional facility.  On April 16,
1998, the trial court sentenced appellant to confinement for fifty years in the
Institutional Division of the Texas Department of Criminal Justice.  On direct appeal, this Court affirmed
appellant=s conviction.  See Graves v. State, No.
14-98-00592-CR (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d) (not designated for
publication).  








On November 29, 2004, appellant filed a pro se motion
for new trial asserting he had been unconstitutionally denied a jury trial at
the punishment phase of trial, pursuant to Blakeley v. Washington, 124
S. Ct. 2531 (2004).  The trial court
denied the motion by written order signed December 7, 2004.  Appellant then filed a pro se notice
of appeal.

Generally, an appellate court has jurisdiction to consider an
appeal by a criminal defendant only from a final judgment of conviction.  Workman v. State, 170 Tex.Crim. 621,
343 S.W.2d 446, 447 (1961);  McKown v.
State, 915 S.W.2d 160, 161 (Tex. App.CFort Worth 1996, no pet.).  The exceptions include:  (1) certain appeals while on deferred
adjudication community supervision, Kirk v. State, 942 S.W.2d 624, 625
(Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond,
Tex. R. App. P. 31.1;  McKown, 915 S.W.2d at 161;  and (3) certain appeals from the denial of
habeas corpus relief, Wright v. State, 969 S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.);  McKown, 915 S.W.2d at 161.  

The denial of a motion for new trial is not a separately
appealable order.  Moreover, the record
on file with this court does not demonstrate that the trial court had
jurisdiction to consider an out-of-time motion for new trial.  Accordingly, we have no jurisdiction over
this appeal. 

Therefore, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed February 10, 2005.

Panel consists of Chief Justice
Hedges and Justices Fowler and Frost. 

Do Not Publish C Tex. R. App. P. 47.2(b).