Memorandum Opinion of May 24, 2007 Withdrawn, Dismissed and Corrected
Memorandum Opinion filed May 31, 2007








 

Memorandum
Opinion of May 24, 2007 Withdrawn, Dismissed and Corrected Memorandum Opinion
filed May 31, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00392-CR

____________

 

JOE ANTHONY MARTINEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
338th District Court

Harris County, Texas

Trial Court Cause No.
765967

 



 

C O R R E C T E D   M E M O R A N D U M   O P I N I O N

Our
opinion of May 24, 2007, is withdrawn and the following is substituted in its
place to correct the trial court cause number.








On
October 2, 2006, appellant filed a pro se notice of appeal, attempting to
appeal from the trial court=s denial of his motion for release of his trial records. 
Although there is no order signed by the trial court denying appellant=s motion, there is a letter from the
Harris County District Clerk=s office dated August 31, 2006, stating the appellant had
been provided a free record in 1999 as part of his direct appeal.  This court
affirmed appellant=s conviction for aggravated sexual assault of a child by
opinion and judgment filed June 15, 2000.  See Martinez v. State, No.
14-98-01138-CR (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d) (not designated for publication). 
Although this new appeal was originally assigned to the Court of Appeals for
the First District of Texas, it was transferred to this court on May 11, 2007,
pursuant to our local rules.  See Local Rules for the Fourteenth
District Court of Appeals, Houston Relating to Assignment of Related Cases to
and Transfers of Related Cases between the First and Fourteenth Courts of
Appeals. See Miscellaneous Docket No. 06‑9158 (Tex. Dec. 7, 2006).

Generally,
an appellate court only has jurisdiction to consider an appeal by a criminal
defendant where there has been a final judgment of conviction.  Workman v.
State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961);  McKown v. State,
915 S.W.2d 160, 161  (Tex. App.CFort Worth 1996, no pet.).  The exceptions include:  (1)
certain appeals while on deferred adjudication community supervision, Kirk
v. State, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the
denial of a motion to reduce bond, Tex.
R. App. P.  31.1; McKown, 915 S.W.2d at 161; and (3) certain
appeals from the denial of habeas corpus relief, Wright v. State, 969
S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.);  McKown, 915 S.W.2d at 161.  

The
denial of a motion for release of trial records is not a separately appealable
order.  Because this appeal does not fall within the exceptions to the general
rule that appeal may be taken only from a final judgment of conviction, we have
no jurisdiction.  

Accordingly,
the appeal is ordered dismissed.

PER
CURIAM

 

Judgment rendered and Corrected Memorandum Opinion
filed May 24, 2007.

Panel consists of Chief Justice Hedges and Justices
Hudson and Guzman. 

Do Not Publish C
Tex. R. App. P. 47.2(b).