Dismissed and Memorandum Opinion filed May 8, 2008








Dismissed
and Memorandum Opinion filed May 8, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00304-CR

 

____________

 

LEWIS WESLEY BARNES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
228th District Court

Harris County, Texas

Trial Court Cause No.
486906

 



 

M E M O R A N D U M   O P I N I O N

This is
an attempted appeal from the trial court=s denial of appellant=s request for appointment of counsel
pursuant to Chapter 64 of the Texas Code of Criminal Procedure.  According to
the record, the trial court denied the request on January 11, 2008, but
appellant=s notice of appeal was not filed until March 28, 2008.  Thus, the notice
of appeal is untimely to invoke this court=s jurisdiction.  See Tex. R. App. P. 26.2(a) (requiring
notice of appeal to be filed within 30 days after the trial court enters an
appealable order).








Moreover,
the order denying the appointment of counsel is not a final, appealable order. 
The record contains no order ruling on a request for post-conviction DNA
testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure.[1]

Generally,
an appellate court only has jurisdiction to consider an appeal by a criminal
defendant where there has been a final judgment of conviction.  Workman v.
State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961);  McKown v. State,
915 S.W.2d 160, 161  (Tex. App.CFort Worth 1996, no pet.).  The exceptions include:  (1)
certain appeals while on deferred adjudication community supervision, Kirk
v. State, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the
denial of a motion to reduce bond, Tex.
R. App. P.  31.1; McKown, 915 S.W.2d at 161;  and (3) certain
appeals from the denial of habeas corpus relief, Wright v. State, 969
S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.);  McKown, 915 S.W.2d at 161.  In
addition, an appeal may be taken from the trial court=s findings after denial of
post-conviction DNA testing or after the results of such DNA testing have been
examined.  See Tex. Code
Crim. Proc. Ann. art. 64.05 (Vernon 2006).

Because
appellant=s notice of appeal was not filed timely and this appeal does not fall
within the exceptions to the general rule that appeal may be taken only from a
final judgment of conviction, we lack jurisdiction to consider this appeal. 

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

Judgment rendered and Memorandum Opinion filed May 8,
2008.

Panel consists of Chief Justice Hedges and Justices
Fowler and Boyce. 

Do Not Publish C
Tex. R. App. P. 47.2(b).









[1]  We note the record does not contain a motion for
forensic DNA testing, accompanied by an affidavit, as required by article
64.01.  See Tex. Code Crim. Proc.
Ann. art. 64.01 (Vernon 2006).