Dismissed and Memorandum Opinion filed February 10, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00025-CR

____________

 

CHARLES LEE GRABLE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 764539

 



 

MEMORANDUM
OPINION

On January 15, 1998, Grable entered a guilty plea to
indecency with a child.  After a pre-sentence investigation, on April 3, 1998,
the trial court deferred a finding of guilt and placed Grable on probation for
five years.  Later that year, Grable’s guilt was adjudicated and punishment was
assessed at confinement for sixteen years in the Institutional Division of the
Texas Department of Criminal Justice.  See Grable v. State, No.
14-02-00335-CR, 2002 WL 1000398 (Tex. App.—Houston [14th Dist.] May 16, 2002,
no pet.) (not designated for publication) (dismissing appeal for want of
jurisdiction because notice of appeal was not filed until more than three years
after adjudication of guilt).  

This is an attempted appeal of a December 8, 2010, order
denying Grable’s motion requesting the trial court to determine its
jurisdiction over “unrelated extraneous matters used by the court in a plea
arrangement.”  We lack jurisdiction over the appeal.  

Generally, an appellate court has jurisdiction to consider an
appeal by a criminal defendant only from a final judgment of conviction.  See
Workman v. State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); McKown
v. State, 915 S.W.2d 160, 161 (Tex. App.CFort Worth 1996, no pet.).  The
exceptions include: (1) certain appeals while a defendant is on deferred
adjudication community supervision, Kirk v. State, 942 S.W.2d 624, 625
(Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond,
Tex. R. App. P. 31.1; McKown,
915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus
relief, Wright v. State, 969 S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.); McKown,
915 S.W.2d at 161.  

The denial of Grable’s post-conviction motion is not a
separately appealable order.  Because this appeal does not fall within the
exceptions to the general rule that appeals may be taken only from a final
judgment of conviction, we have no jurisdiction. 

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Frost and Christopher.

Do Not Publish C Tex. R. App. P. 47.2(b).