Dismissed and
Memorandum Opinion filed June 16, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-11-00464-CR

___________________

 

RONALD MANNING,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee



 



 

On
Appeal from the 339th District Court

Harris County,
Texas



Trial Court Cause No. 994363

 



 

 

MEMORANDUM  OPINION

Appellant’s conviction for theft was affirmed on July
13, 2006.  Manning v. State, No. 14-05-01084-CR; 2006 WL 1911482 (Tex.
App.—Houston [14th Dist.] July 13, 2006, no pet.) (not designated for
publication).  On March 17, 2011, this court denied appellant’s motion to
compel delivery of the trial transcript and clerk’s record, in connection with
his attempt to file a new brief in that cause number.  After that ruling,
appellant filed a writ of mandamus in the trial court requesting that the trial
court order the district clerk to provide him with a free copy of the clerk’s
record and the reporter’s record. This is an attempted appeal from the purported
denial of appellant’s petition for writ of mandamus in the trial court.  

Generally, an appellate court has jurisdiction only to consider an appeal
by a criminal defendant where there has been a final judgment of conviction.  Workman
v. State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); McKown v.
State, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). 
Exceptions include: (1) certain appeals while on deferred adjudication
community supervision, Kirk v. State, 942 S.W.2d 624, 625 (Tex. Crim.
App. 1997); (2) appeals from the denial of a motion to reduce bond, Tex. R.
App. P. 31.1; McKown, 915
S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief,
Wright v. State, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); McKown,
915 S.W.2d at 161.  

Appellant contends his petition for writ of mandamus was denied by
operation of law because the trial court failed to rule on his petition. While
this is an incorrect statement, the denial of a ruling on petition for writ of
mandamus is not a separately appealable order.  Because this appeal does not
fall within the exceptions to the general rule that an appeal may be taken only
from a final judgment of conviction, we have no jurisdiction. 

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Justices Anderson, Brown, and Christopher.

Do Not Publish C Tex. R. App. P. 47.2(b).