**Dismissed and Memorandum Opinion filed February 2, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00006-CR

_____

## GERALD JEROD DURDEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 905464**

## MEMORANDUM OPINION

This is an attempted appeal of a notice from the trial court that no action has been taken on appellant's motion for post-conviction DNA testing.[1]

Generally, an appellate court has jurisdiction to consider an appeal by a criminal defendant only when there has been a final judgment of conviction. *Workman v. State*,

---

[1] This court affirmed the trial court's denial of appellant's previous motion for post-conviction DNA testing. *See Durden v. State*, No. 14-09-00120-CR, 2010 WL 454935 (Tex. App. [14th Dist.] 2010, pet. ref'd) (not designated for publication).

170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961);   *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).[2]   The Texas Code of Criminal Procedure expressly provides for appeal from the denial of a request for post-conviction DNA testing.   *See* Tex. Code Crim. Proc. art. 64.05 (West 2006).   The record before this court contains no order denying appellant's motion.

Accordingly, the appeal is ordered dismissed for lack of jurisdiction.


PER CURIAM


Panel consists of Justices Frost, Brown, and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

2 Exceptions include:   (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, Tex. R. App. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App. - Dallas 1998, no pet.);   *McKown*, 915 S.W.2d at 161.