**Dismissed and Memorandum Opinion filed April 30, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00278-CR
NO. 14-13-00279-CR
NO. 14-13-00280-CR

**WILLIAM C. WEBB, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 54th District Court**
**McLennan County, Texas**
**Trial Court Cause Nos. 2012-675-C2 & 2012-678-C2**

## M E M O R A N D U M   O P I N I O N

Appellant William C. Webb filed three pro se notices of appeal of the trial court's interlocutory rulings in two pending criminal cases. In cause no. 14-13-00278-CR, appellant appeals the trial court's putative denial of his motion to strike enhancement allegation. In cause no. 14-13-00279-CR, appellant appeals the putative denial of his motion for grand jury testimony. In cause no. 14-13-00280-

CR, appellant appeals the putative denial of his motion to compel state's witnesses.

Generally, an appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction absent certain exceptions. *Workman v. State*, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). The exceptions include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, Tex. R. App. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

The putative denial of pretrial motions is not separately appealable. Because these appeals do not fall within the exceptions to the general rule that appeal may be taken only from a final judgment of conviction, we do not have jurisdiction.

Accordingly, the appeals are ordered dismissed.


PER CURIAM



Panel consists of Justices Brown, Christopher, and McCally.
Do Not Publish - TEX. R. APP. P. 47.2(b)