

NUMBER 13-13-00630-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SERVANDO IZAGUIRRE JR.,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On Appeal from the 357th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Servando Izaguirre Jr., pro se, attempted to perfect an appeal from an order granting a motion to dismiss a charge of possession of marijuana against him. The order was signed September 23, 2013, and the pro se notice of appeal was filed on October 31, 2013. We dismiss the appeal for want of jurisdiction.

On November 13, 2013, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. In response, appellant filed a motion for extension of time seeking an unidentified period of time to "effectively pursue and perfect this and other motions."  We conclude that the appeal is fatally defective.

A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order.  *See* TEX. R. APP. P. 26.2(a)(1).  A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal.  *Id.*  Under those circumstances it can take no action other than to dismiss the appeal.  *Id.*

Moreover, generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).  Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Our review of the documents before the Court does not show any appealable orders entered by the trial court within thirty days before the filing of appellant's notice of appeal.  The Court, having examined and fully considered the notice of appeal and the motion filed by appellant, is of the opinion that there is not an appealable order which has been timely filed and this Court lacks jurisdiction over the matters herein.  Accordingly, this appeal is DISMISSED FOR WANT OF JURISDICTION.  All pending motions are DISMISSED AS MOOT.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of January, 2014.

3