

NUMBER 13-14-00635-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**KENNETH CRISSUP,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 319th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion Per Curiam**

Appellant, Kenneth Crissup, pro se, filed a notice of appeal on October 29, 2014, from a denial of a "Motion for Production of Documents and Bench Warrant" in cause number 03CR2175-G in the 319th District Court of Nueces County, Texas. We dismiss the appeal.

A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Appellant was convicted of sexual assault of a child and sentence was imposed on August 20, 2004. The trial court certification indicates this is a plea-bargain case and the defendant has no right of appeal. On September 2, 2004, the trial court denied appellant's request for permission to appeal. Appellant's notice of appeal states he is appealing a denial of a "Motion for Production of Documents and Bench Warrant." The district clerk has confirmed that no order has been entered denying such motion.

On October 30, 2014, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not an appealable order, and requested correction of this defect within ten days or the appeal would be dismissed. Appellant has not filed a response.

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a), (c).

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of December, 2014.