

NUMBER 13-14-00600-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**GUSTAVO LOPEZ MIRELES,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Gustavo Lopez Mireles, pro se, filed a notice of appeal on October 14, 2014, from the trial court's September 29, 2014 denial of appellant's "Motion for Disclosure Concerning Exculpatory Material Pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution." This Court previously

affirmed appellant's conviction on direct appeal. *See Mireles v. State*, No. 13-02-00706-CR, 2005 WL 1492078, at *7 (Tex. App.—Corpus Christi June 23, 2005, pet. ref'd) (mem. op., not designated for publication); *see also Mireles v. State*, No. 13-14-00497-CR, 2014 WL 5065719, at *1 (Tex. App.—Corpus Christi Oct. 9, 2014, pet. ref'd) (mem. op., not designated for publication) (concluding that the court lacked jurisdiction over an appeal of an order denying appellant's request for a court of inquiry).

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of motions to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

On November 5, 2014, the Clerk of this Court notified appellant that the trial court's September 29, 2014 denial of appellant's "Motion for Disclosure Concerning Exculpatory Material Pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution" did not appear to be an appealable order and requested correction of this defect, if it could be done. The Clerk notified appellant that the appeal would be dismissed if the defect was not cured. On November 13, 2014, appellant filed a response to the Court's directive, but such response did not correct the defect. Our review of the documents before the Court does not reveal any appealable orders entered by the trial court within thirty days before the filing of appellant's notice of appeal.

2

The Court, having examined and fully considered the notice of appeal and the documents on file, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein. Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are likewise DISMISSED.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of December, 2014.