

## NUMBER 13-18-00221-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ORLANDO CAMPOS,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

## On appeal from the 156th District Court
## of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Orlando Campos, proceeding pro se, attempted to perfect an appeal from trial court cause number B-15-2049-0-CR-B in the 156th District Court of Bee County, Texas.[1]  Appellant states that he is giving his notice of appeal "[f]ollowing a

---

[1] Appellant has pursued other pro se appeals from this same trial court cause number. *See Campos v. State*, 13-18-00071-CR, 2018 WL 1192617, at *1 (Tex. App.—Corpus Christi Mar. 8, 2018, no pet.) (mem. op., not designated for publication); *Campos v. State*, 13-16-00482-CR, 2016 WL 5941881, at *1 (Tex. App.—Corpus Christi Oct. 13, 2016, no pet.) (mem. op., not designated for publication).

Finding/Judgment of True in a subsequent re-indictment (cause no. B-16-2017-0-CR-B) and after 30 days of disposition in the above styled criminal case." Appellant seeks an out of time appeal, the appointment of substitute counsel on appeal, and the provision of a free appellate record. We dismiss the appeal for want of jurisdiction.

A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 343 S.W.2d 446, 447 (Tex. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

On April 24, 2018, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not an appealable order. The Clerk requested that appellant correct this defect within ten days and notified appellant that the

2

appeal would be dismissed if the defect was not corrected. Appellant has failed to respond to the Court's directive.

The Court, having examined and fully considered the notice of appeal, the documents before the Court, and appellant's failure to respond to this Court's directive, is of the opinion that we lack jurisdiction over this appeal. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of May, 2018.