

# NUMBER 13-21-00403-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DESHAWN DAVID MILLER,**                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                  **Appellee.**

---

**On appeal from the 156th District Court
of Bee County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Upon review of the documents before the Court, it appears there is no final appealable order. On November 4, 2021, appellant attempted to appeal cause number B-21-M026-0-PR-B arguing there is no evidence and that he is being falsely held under the color of state law. On November 18, 2021, the Clerk of the Court notified appellant that there is no final, appealable judgment. Appellant was further notified that if the defect was not corrected within thirty days from the date of the letter, the appeal would be dismissed for

want of prosecution. Appellant has neither corrected the defect nor responded to the Court's notice.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Our review of the documents before the Court shows that appellant's case is still pending in the trial court, and it does not reveal any appealable orders entered by the trial court within thirty days before the filing of appellant's notice of appeal. Moreover, the notice of appeal cannot be construed as premature because it was filed before the trial court has made a finding of guilt or has received a jury verdict. *See* TEX. R. APP. P. 27.1(b).

The Court, having examined and fully considered the notice of appeal, is of the opinion that there is not an appealable order, and this Court lacks jurisdiction over the matters herein. Accordingly, this appeal is dismissed for lack of jurisdiction.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
20th day of January, 2022.

2