# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00603-CR

---

**Robert Joseph Yezak, Appellant**

**v.**

**State of Texas, Appellee**

---

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. FR78644, THE HONORABLE JOHN T. GAUNTT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Robert Joseph Yezak has filed a pro se notice of appeal challenging various actions allegedly made by the trial court. Generally, an appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Curiel v. State*, No. 13-21-00400-CR, 2022 WL 1412320, at *1 (Tex. App.—Corpus Christi-Edinburg May 5, 2022, no pet.) (mem. op., not designated for publication). That general rule is subject to some exceptions, including some appeals where a defendant is on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); appeals from the denial of a motion to reduce bond, Tex. R. App. P. 31.1; and some appeals related to the denial of a claim for habeas corpus relief, *id.*; *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

Our review of the clerk's record reveals that no final judgment of conviction or other appealable order has been entered in this case, and the trial court has certified that "no action has occurred upon which an appeal may be predicated." Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d) (explaining that if trial court does not certify that defendant has right to appeal, "appeal must be dismissed").

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed:   October 21, 2022

Do Not Publish