

# NUMBER 13-24-00013-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

GERARO MENDIOLA JR.,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

---

## ON APPEAL FROM THE 227TH DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña**
**Memorandum Opinion by Chief Justice Contreras**

Appellant filed a notice which was construed as a notice of appeal in trial court case number 2023CR6732.[1] We now dismiss the appeal for want of jurisdiction.

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

On January 5, 2024, the Clerk of the Court notified appellant that it appears that there is no final, appealable judgment. Appellant was further notified that if the defect was not corrected within thirty days from the date of the letter, the appeal would be subject to dismissal. After no response from appellant's counsel, on March 28, 2024, we abated the case and reminded the matter for the trial court to determine whether the appellant or his attorney had abandoned the appeal. On April 8, 2024, appellant's counsel filed a motion to dismiss indicating appellant did not intend to invoke the court of appeals' jurisdiction in this matter.

In addition to appellant's motion to dismiss, we note that generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a signed final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *see Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, *see* TEX. R. APP. P. 31.1, *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), *McKown*, 915 S.W.2d at 161. There is no signed order currently before the Court.

Our review of the documents before the Court does not reveal an appealable order entered by the trial court within thirty days before the filing of appellant's notice of appeal. The Court, having examined and fully considered the notice of appeal, is of the opinion that there is not an appealable order, and this Court lacks jurisdiction over the matters

herein. Accordingly, this appeal is hereby reinstated and dismissed for want of jurisdiction.

Appellant's motion to dismiss is dismissed as moot.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
23rd day of May, 2024.