

# NUMBER 13-23-00484-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ABEL GARCIA A/K/A**
**ABEL GARCIA PEREZ,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

## ON APPEAL FROM THE 476TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Chief Justice Contreras**

Upon review of the documents before the Court, it appears there is no final appealable order. On November 6, 2024, appellant attempted to appeal a denial of a bond reduction. On November 8, 2024, the Clerk of the Court notified appellant that it appeared

there was no final, appealable order and if the defect was not corrected within thirty days, the appeal may be subject to dismissal for want of prosecution. *See* TEX. R. APP. P. 37.1. On April 30, 2024, after abatement and appointment of new counsel, the Clerk of the Court sent the same notice to appellant's newly appointed counsel. Appellant has neither corrected the defect nor responded to the Clerk's notice.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.–Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Our review of the documents before the Court shows that appellant's case is still pending in the trial court, and there were no appealable orders entered by the trial court within thirty days before the filing of appellant's notice of appeal. Therefore, this cause is dismissed for want of jurisdiction.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
5th day of July, 2024.

2