

# NUMBERS 13-23-00449-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RAYMOND DEBA,** <span style="float:right">**Appellant,**</span>

**v.**

**THE STATE OF TEXAS,** <span style="float:right">**Appellee.**</span>

---

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF GOLIAD COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Tijerina**

This cause is before the Court on its own motion. On October 23, 2023, appellant filed a notice which was construed as a notice of appeal in trial court case number 08-08-4437. On October 24, 2023, the Clerk of the Court notified appellant that it appears the order he is attempting to appeal is not appealable. On February 27, 2024, the Clerk of the Court again notified appellant of the defective notice of appeal; appellant was further

notified that if the defect was not cured within thirty days from the date of the notice the appeal may be dismissed.

On May 14, 2024, we granted a second extension of time to file a response to the clerk's letter, and the Clerk of the Court notified appellant the new deadline to respond to the defect notice was June 19, 2024. On June 25, 2024, we denied appellant's request to abate the appeal indefinitely, and the Clerk of the Court again notified appellant that the order he was attempting to appeal was not appealable. Appellant was further notified that if the defect was not cured on or before July 5, 2024, the appeal shall be dismissed.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a signed final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.–Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. There is no appealable order currently before the Court; therefore, we lack jurisdiction over the matter.

Our review of the documents before the Court does not reveal an appealable order entered by the trial court within thirty days before the filing of appellant's notice of appeal. The Court, having examined and fully considered the notice of appeal, is of the

2

opinion that there is not an appealable order, and this Court lacks jurisdiction over the matters herein. Accordingly, this appeal is hereby dismissed for lack of jurisdiction.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
8th day of August, 2024.

3