

# NUMBER 13-25-00259-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DAVID LEE GUZMAN,                                        Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF SAN PATRICIO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Peña**

The cause is before the Court on its own motion and appellant's motion to dismiss. On May 9, 2025, appellant filed a notice of appeal attempting to appeal an Order entered in trial court case number S-20-3100-CR. The trial court's certification of the defendant's right of appeal provides that this "is not a plea-bargain case, and the defendant has the limited right of appeal." On May 12, 2025, the Clerk of the Court notified appellant that it

appears the order he was attempting to appeal is not appealable. On May 23, 2025, the Clerk of the Court again notified appellant of the defective notice of appeal; appellant was further notified that if the defect was not cured within thirty days from the date of the notice the appeal may be dismissed. On July 21, 2025, appellant's counsel filed a motion to dismiss which did not comply with the requirement that such a motion be signed by both counsel and appellant. *See* TEX. R. APP. P. 42.2(a).

In a criminal appeal, "[t]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); see *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding). Thus, an appellate court has jurisdiction only from a final judgment of conviction, an appealable order, or when expressly granted by law. *See Abbott*, 271 S.W.3d at 696–97; *see generally* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2).Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.); and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. There is no appealable order currently before the Court; therefore, we lack jurisdiction over the matter.

The Court, having examined and fully considered the notice of appeal, motion to dismiss and the documents on file, is of the opinion that we lack jurisdiction over the

appeal. *See Abbott*, 271 S.W.3d at 696–97. Accordingly, we dismiss this appeal for lack of jurisdiction.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
7th day of August, 2025.