

# NUMBERS 13-26-00136-CR; 13-26-00137-CR; 13-26-00138-CR; 13-26-00139-CR; 13-26-00140-CR; 13-26-00141-CR; 13-26-00142-CR; 13-26-00143-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ARMANDO RAMOS,                                                              **Appellant,**

**v.**

THE STATE OF TEXAS,                                                        **Appellee.**

## ON APPEAL FROM THE 103RD DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West**

The cause is before the Court on its own motion and on appellant's motion for appointment of counsel. On January 26, 2026, appellant filed notices of appeal attempting to appeal denials of a motion to set aside judgment and to issue findings of fact and conclusions of law, entered in trial court case numbers 89-CR-00679-D, 89-CR-000680-D, 89-CR-000681-D, AND 89-CR-000682. On February 6, 2026, the Clerk of the Court

notified appellant that there appears to be no final, appealable orders in these matters. On March 9, 2026, the Court received appellant's response which does not cure the defects in any of the cases.

A state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a signed final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.–Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Our review of the documents before the Court does not reveal any appealable orders entered by the trial court within thirty days before the filing of appellant's notices of appeal. The Court, having examined and fully considered the record before the Court, is of the opinion that there are not any appealable orders, and this Court lacks jurisdiction over the matters herein. Accordingly, these appeals are hereby dismissed for lack of jurisdiction, and appellant's motion for appointment of counsel is also dismissed for lack of jurisdiction.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
26th day of March, 2026.