

# NUMBER 13-18-00087-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARCUS DELEON,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                     Appellee.

### On appeal from the 156th District Court
### of Live Oak County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Marcus DeLeon, proceeding pro se, attempted to perfect an appeal from two orders rendered on October 6, 2017 which denied (1) appellant's "Special Plea of Jeopardy" on grounds that the trial court lacked jurisdiction, and (2) appellant's motion for the appointment of counsel. Appellant did not file his notice of appeal, which stated that he was seeking an "out of time appeal," until February 9, 2018. On February 14, 2018,

this Court notified appellant that it appeared that there was no appealable order, and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. In response, appellant argues that the orders subject to review are appealable and offers explanations for the late filing of his notice of appeal.

An appellate court has the obligation to determine its own jurisdiction. *See Ramirez v. State*, 89 S.W.3d 222, 225 (Tex. App.—Corpus Christi 2002, no pet.); *Yarbrough v. State*, 57 S.W.3d 611, 615 (Tex. App.—Texarkana 2001, pet. ref'd); *see also Laureles v. State*, No. 13-13-00535-CR, 2014 WL 1669102, at *1 (Tex. App.—Corpus Christi Apr. 24, 2014, no pet.) (mem. op., not designated for publication). A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under such circumstances it can take no action other than to dismiss the appeal. *Id.*

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce

bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

The Court, having examined and fully considered the notice of appeal and the briefing filed by appellant, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein. Our review of the documents before the Court does not reveal any appealable orders entered by the trial court within thirty days before the filing of appellant's notice of appeal. Accordingly, this appeal is DISMISSED for lack of jurisdiction. Pending motions, if any, are likewise DISMISSED. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2017 1st C.S.); *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of April, 2018.