

# NUMBER 13-22-00490-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **EMANUEL CORTEZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva
Memorandum Opinion by Justice Longoria**

Appellant, Emanuel Cortez, attempts to appeal a June 7, 2022 order modifying the terms of his community supervision. We dismiss the appeal for want of jurisdiction.

On October 19, 2022, the Clerk of the Court notified appellant that it appears the order he was attempting to appeal is not appealable. Appellant was further notified that if the defect was not corrected within thirty days from the date of the letter, the appeal would

be subject to dismissal. On December 27, 2022, the Court received a motion to dismiss from the Honorable Irma Sanjinas, appellant's counsel, informing the Court that the appellant does not have the right to appeal and that the appeal should be dismissed. However, the motion to dismiss was not signed by the appellant. *See* TEX. R. APP. P. 42.2(a).

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, Texas Rule of Appellate Procedure 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

A judgment modifying the terms of community supervision is not a final, appealable order. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) ("There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision."); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) ("We find neither constitutional nor statutory authority which would confer jurisdiction on this court to hear an appeal from an order . . . altering or modifying probationary conditions . . . ."); *Rojo v. State*, No. 11-20-00259-CR, 2020 WL 7863335 (Tex. App.—

2

Eastland, December 31, 2020, no pet.) (mem. op., not designated for publication); *Clubb v. State*, No. 03-20-00183-CR, 2020 WL 1869034 (Tex. App.—Austin, April 15, 2020, no pet.) (mem. op., not designated for publication).

Our review of the documents before the Court does not reveal an appealable order entered by the trial court within thirty days before the filing of appellant's notice of appeal. The Court, having examined and fully considered appellant's notice of appeal, is of the opinion that there is not an appealable order, and this Court lacks jurisdiction over the matters herein. Accordingly, this appeal is dismissed for want of jurisdiction and the motion to dismiss is dismissed for want of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
19th day of January, 2023.

3